**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN D. MCGEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-923 PLC |
| | ) | |
| DENISE HACKER, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. [ECF No. 4]. The Court has reviewed the application for writ and finds that it should be summarily dismissed.

**Background**

Petitioner Kevin McGee is a self-represented litigant who is currently detained at the Southeast Missouri Mental Health Center (SORTS) in Farmington, Missouri. On July 21, 2023, he filed a handwritten petition for writ of habeas corpus titled "Motion for RSMo § 552.040 Conditional Release and Affidavit of Service and/or Rule 91. Movant's Reply Brief and Subsequent Argument." [ECF No. 1]. On August 1, 2023, the Court ordered petitioner to amend his petition on a court-provided form and either pay the $5 filing fee or file a motion to proceed in forma pauperis. Petitioner amended his petition on a court-provided form on August 14, 2023. [ECF No. 4]. Petitioner filed a motion to proceed in forma pauperis on that same date, as well as a motion for evidentiary hearing. [ECF Nos. 5 and 6].

Petitioner alleges that in 1988, he plead guilty by mental disease or defect ("NGRI") to third degree misdemeanor assault and flourishing a deadly weapon in the Circuit Court of Cape

Girardeau County, Missouri. The state accepted petitioner's plea and, pursuant to Missouri Revised Statute § 552.030, the Missouri State Court ordered petitioner committed to the custody of the Director of the Missouri Department of Mental Health on June 8, 1988.[1] Petitioner did not appeal the judgment.

As grounds for relief, petitioner asserts that the state court exceeded its authority and violated his due process rights when it accepted his NGRI plea in 1988 and committed him to the Department of Mental Health after finding he lacked competence to proceed. He further asserts that he was subject to entrapment, received ineffective assistance of counsel at trial and his plea was involuntary and submitted under duress.

Petitioner also seeks conditional release from SORTS, stating that an individual by the name of Scott Lipke "denied my writ and petition in Cape County" several weeks ago. There is no indication that petitioner filed an appeal of this decision to the Missouri Court of Appeals.

## Discussion

### A. Petitioner's Request for Relief as to His Original Judgment is Time-Barred

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief. A review of the instant petition indicates that to the extent petitioner is seeking review of his 1988 plea, it is time-barred under 28 U.S.C. § 2244(d)(1) and is subject to summary dismissal.

Petitioner states that he entered his NGRI plea on June 8, 1988, but did not appeal his NGRI plea. Thus, only § 2244(d)(1)(A) is applicable to petitioner, and his one-year limitation period began to run on the date upon which his judgment became final by the conclusion of direct review

---

[1] Petitioner admits that he has a court-appointed guardian, but that he is filing this action on his own.

or the expiration of the time for seeking such review. Because petitioner did not appeal his NGRI plea, the one-year limitation period began to run--at the latest--ten days from June 8, 1988, the date on which petitioner's judgment was entered. *Cf. Smith v. Bowersox*, 159 F.3d 345 (8th Cir. 1998); Mo. Sup. Ct. R. 30.01(d). Because the judgment petitioner wishes to attack became final before the establishment of the one-year limitation period, he is entitled to a one-year grace period ending on April 24, 1997. *See Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999). The instant petition was received by this Court more than twenty-six years after the running of the one-year limitation period.

**B.  Petitioner's Request for Conditional or Unconditional Release**

To the extent petitioner is seeking either conditional or unconditional relief, his request is subject to dismissal due to his failure to exhaust his available state remedies. Title 28 U.S.C. § 2254(b)(1)(A) prohibits a grant of habeas relief on behalf of a person in state custody unless that person has "exhausted the remedies available in the courts of the State." The exhaustion requirement applies with equal force when a habeas petitioner seeks to challenge state custody pursuant to a civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009).

"To satisfy the exhaustion requirement, a person confined in a Missouri State Hospital must apply for release under section 552.040 before filing a petition for a writ of habeas corpus," and if that application is denied, the confined person must appeal to the Missouri Court of Appeals. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir.1991) (internal citation omitted). Here, petitioner does not allege, nor does independent inquiry reveal, that he applied for release to the Missouri Court of Appeals. The Court therefore concludes that petitioner has failed to exhaust his state court remedies, and that the instant petition should therefore be dismissed.

3

**C.  Certificate of Appealability**

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir.1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Petitioner has made no such showing here, and the Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner Kevin McGee's application for writ of habeas corpus is **DENIED AND DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that petitioner's motion for evidentiary hearing [ECF No. 6] is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 16th day of August, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE